UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

QUINCY WILLIAMS,

        Petitioner,

v.

MATTHEW MACAULEY,

        Respondent.

_____/

Case No. 1:24-cv-1343

Honorable Hala Y. Jarbou

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 4.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 5.) More than 28 days have passed, and Petitioner has not responded.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson*

*v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

As noted above, the Court afforded Petitioner an opportunity to demonstrate why his petition should not be dismissed as untimely. Petitioner failed to respond. Accordingly, the Court will dismiss the § 2254 petition as untimely.

## Discussion

### I.     Factual Allegations

Petitioner Quincy Wiliams is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Petitioner is serving sentences of 25 to 50 years, imposed on June 17, 2010, after he pleaded *nolo contendere* to four counts of criminal sexual conduct—1st degree (CSC-I) in the Oakland County Circuit Court. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=769867 (last visited Feb. 3, 2025). On August 3, 2011, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." *See* Register of Actions, *People v. Williams*, No. 304630 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/304630 (last visited Feb. 3, 2025). The Michigan Supreme Court denied Petitioner leave to appeal on December 28, 2011. *See People v. Williams*, 806 N.W.2d 743 (Mich. 2011).

This Court received Petitioner's § 2254 petition on December 23, 2024. Petitioner indicates that he gave his § 2254 petition to prison authorities for mailing to the Court on December 16, 2024. (§ 2254 Pet., ECF No. 1, PageID.14.) Under Sixth Circuit precedent, Petitioner's § 2254

petition is deemed filed as of December 16, 2024. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

**II.     Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**A.     Timeliness Under § 2244(d)(1)(A)**

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan

3

Supreme Court denied Petitioner leave to appeal on December 28, 2011. *See People v. Williams*, 806 N.W.2d 743 (Mich. 2011). Petitioner did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.2.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on Tuesday, March 27, 2012. Petitioner had one year from that date,[1] until Wednesday, March 27, 2013, to file his habeas petition. As set forth above, Petitioner filed his § 2254 petition on December 16, 2024. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

**B.    Statutory Tolling**

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In his § 2254 petition, Petitioner indicates that he did not file any applications for state post-conviction review. (§ 2254 Pet., ECF No. 1, PageID.3.) Thus, it does not appear that Petitioner is entitled to statutory tolling of the limitations period, and that the limitations period expired on March 27, 2013.

**C.    Equitable Tolling**

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that

---

[1] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

4

he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As an initial matter, the fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). In his § 2254 petition, Petitioner suggests that he should receive the benefit of equitable tolling because the MDOC has designated him as "severely mentally ill." (ECF No. 1-1, PageID.17.) Petitioner contends that because of this designation, he has attempted to request access to the MDOC "writ writer program since 2011," to no avail. (*Id.*) Petitioner has attached a copy of a memorandum, dated November 27, 2024, indicating that his request for legal writer services was denied for the following reasons: (1) Petitioner has a GED, high school diploma, or higher education; (2) Petitioner is not housed in segregation; and (3) Petitioner does not have a documented medical condition that impairs his ability to work in the law library or file coherent pleadings. (*Id.*, PageID.18.)

5

With respect to Petitioner's assertion that the MDOC has designated him as severely mentally ill, the Sixth Circuit has concluded that mental incompetence or incapacity may provide a basis for equitable tolling. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). However, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). Thus, Petitioner must demonstrate that his mental condition affected his ability to file a timely § 2254 petition. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010). Simply referring to the "mere existence of physical or mental ailments" is insufficient to qualify for equitable tolling. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

Here, other than mentioning that he has been designated as "severely mentally ill," Petitioner provides no evidence regarding his mental health during the AEDPA limitations period. He simply relies upon the existence of his mental illness to assert that he is entitled to equitable tolling. As noted above, the mere existence of a mental illness is insufficient; "mental illness is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017). By failing to respond to the Court's opinion and order to show cause, Petitioner fails to provide the Court any evidence from which the Court could conclude that Petitioner's mental health during the AEDPA limitations period warrants the application of equitable tolling. Moreover, as set forth below, Petitioner fails to demonstrate a causal connection between his mental illness and his untimely filing. *See id.*

Petitioner contends that because of his mental illness, he has been attempting to gain assistance from the MDOC's legal writer program since 2011, to no avail. Although Petitioner has provided evidence that a recent request for legal writer assistance was denied as of November 27, 2024, he fails to provide any evidence to corroborate his suggestion that he has been continuously

6

seeking such assistance for the past 13 years. Moreover, as the Eastern District of Michigan has noted, Petitioner's "difficulty obtaining assistance from prison legal writers [does not] provide a basis for equitable tolling." *See Gonzalez v. Bergh*, No. 11-15368, 2012 WL 6738471, at *3 (E.D. Mich. Dec. 31, 2012).

In light of the foregoing, the Court cannot conclude that Petitioner is entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has

7

wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

  **E.  Timeliness Under § 2244 (d)(1)(B)–(D)**

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he relies upon a new right made retroactively applicable to cases on collateral review, nor does he raise any argument regarding the date on which the factual predicates of his claims could have been discovered through the exercise of due diligence. Thus, §§ 2244(d)(1)(C) and 2244(d)(1)(D) do not apply.

In its January 2, 2025, opinion, the Court liberally construed Petitioner's § 2254 petition to consider whether the denial of legal writer assistance constitutes an impediment to timely filing under § 2244(d)(1)(B). Petitioner suggests that the denial of such assistance "is an unconstitutional denial of access to the courts." (ECF No. 1-1, PageID.17.)

Per the MDOC, "[t]he Legal Writer Program provides eligible prisoners in Correctional Facilities Administration (CFA) institutions with legal assistance on matters relating to their criminal conviction or conditions of confinement. Only prisoners not represented by counsel who are unable to effectively help themselves by using the law library or other available legal resources are eligible to receive Legal Writer Program services." MDOC Policy Directive 05.03.116 ¶ S (eff. Apr. 5, 2021). The directive indicates that a prisoner is eligible to receive Legal Writer Program services if he or she meets any of the following criteria:

  1.  Does not have a verified GED or high school diploma.

  2.  Does not speak, read, or write English.

8

      3.      Has a documented physical or mental impairment or a learning disability that may affect their ability to use the law library to prepare and file a legible and coherent pleading.

      4.      Is undergoing reception center processing.

      5.      Is housed in any form of segregation other than temporary segregation.

      6.      Is housed in a Department operated inpatient medical unit.

      7.      Is housed in protective housing, or other non-traditional general population housing, that does not allow for direct access to legal research materials as approved by the Deputy Director or designee.

*Id.* ¶ T.

Petitioner offers no reason, other than his conclusory mention that he has been designated as severely mentally ill, why he, specifically, required access to the legal writer program to adequately file a § 2254 petition. Petitioner fails to provide any allegations suggesting that he is somehow less able to read and understand law library material because of his mental illness. Instead, Petitioner essentially contends that the MDOC's failure to provide legal writers for the prison population is always a violation of the First Amendment right to access the courts. However, Petitioner fails to cite, and the Court has not located, any federal authority suggesting that a constitutional duty to provide all prisoners access to a prison legal writer program exists. The Court, therefore, concludes that Petitioner has failed to demonstrate the existence of a state-created impediment that violates the Constitution that entitles him to belated commencement of the limitations period under § 2244(d)(1)(B).

In sum, the limitations period expired as of March 27, 2013, and Petitioner has failed to show cause to excuse the tardy filing of his § 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

**III.     Certificate of Appealability**

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order denying a certificate of appealability and a judgment dismissing the petition with prejudice as untimely.

Dated:  February 6, 2025                          /s/ HALA Y. JARBOU
                                                                        Hala Y. Jarbou
                                                                        Chief United States District Judge